OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant Charles Bowmar appeals his sentence rendered by the Ashland County Court of Common Pleas and entered via Judgment Entry-Sentencing on October 21, 2003. The State of Ohio is plaintiff-appellee.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} On October 20, 2003, appellant pled guilty to fourteen counts involving four different victims: one count of felonious assault; one count of child endangering; ten counts of rape; and two counts of gross sexual imposition. The trial court sentenced appellant by victim as follows: "as to the victim Jamie, five years for felonious assault to be served concurrently with 6 months jail for child endangering; as to the victim Elizabeth, four consecutive eight year prison terms for rape and a consecutive five years for gross sexual imposition; as to the victim Rebecca, four consecutive eight year prison terms for rape and a consecutive five years for gross sexual imposition; and as to the victim Jessica, two consecutive eight year terms for rape; all victims terms to be served consecutively for a total of ninety-five years."
{¶ 3} The trial court memorialized its sentence via Judgment Entry-Sentencing on October 21, 2003. It is from that entry appellant prosecutes his appeal, assigning as error:
{¶ 4} "I. The imposition of consecutive sentences is against the manifest weight of the evidence and contrary to the law."
{¶ 5} Herein, appellant asserts the trial court failed to make two of the requisite findings for imposition of consecutive sentences as required by R.C. 2929.14(E). First, appellant contends the trial court failed to find consecutive sentences are not disproportionate to the seriousness of the offender's conduct. Second, appellant contends the trial court failed to find consecutive sentences are not disproportionate to the danger the offender poses to the public.
{¶ 6} Appellee concedes the trial court failed to make the requisite findings under R.C. 2929.14(E). Accordingly, we reverse the trial court's sentence and remand this matter for resentencing. See, State v. Comer (2003), 99 Ohio St.3d 463.
Farmer, J., Gwin, P.J. and Hoffman, J. concur.
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Ashland County Court of Common Pleas is reversed and the matter remanded to that court for resentencing. Costs assessed to appellee.